UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 12-81285-Civ-Ryskamp/Hopkins

EDWARD D. FAGAN,

      Plaintiff

vs.

UNITED STATES OF AMERICA;
THE CZECH REPUBLIC;
MINISTRY OF FOREIGN AFFAIRS OF THE CZECH REPUBLIC;
and EUROPEAN SHOAH LEGACY INSTITUTE,

      Defendants.
_____/

## REPORT AND RECOMMENDATION

**THIS CAUSE** is before this Court on the Order referring all pretrial matters in this case to the undersigned United States Magistrate Judge (DE 5). This matter is before the Court *sua sponte*.

Plaintiff, appearing *pro se*, commenced this action for declaratory relief on November 28, 2012. Compl. (DE 1). Plaintiff seeks a declaration that the Czech Republic failed to honor its commitments to the United States, and seeks an order enjoining the United States from providing further funding to the European Shoah Legacy Institute. *Id.* Plaintiff asserts that he was formerly licensed to practice law. Compl. at ¶ 4, n.1 (DE 1). However, Plaintiff did not file any proposed summonses with the Complaint. On March 28, 2013, Plaintiff submitted one proposed summons listing all Defendants, and the Motion for an Order Granting Additional Time to Serve Summonses and for Other Relief (DE 6). Plaintiff sought an extension until April 30, 2013 to serve the United States, and an extension until July 1, 2013 to serve the rest of the Defendants. Plaintiff cited family obligations, travel, and a burglary of his apartment as the reasons for not having effectuated service

up to the time of the filing of the Motion.

On March 28, 2013, the Clerk of Court advised Plaintiff that summonses could not be issued because multiple parties were added to one document. (DE 8). Plaintiff failed to submit corrected summonses. On July 16, 2013, the undersigned granted *nunc pro tunc* Plaintiff's Motion for an extension to serve the Defendants, and ordered Plaintiff to show cause within 14 days why a recommendation to dismiss this case for failure to timely effectuate service and to prosecute this action should not be made. (DE 9). There has been no activity in this case since then.

The Federal Rule of Civil Procedure 4(m) states:

> If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f) or 4(j)(1).

Fed. R. Civ. P. 4(m).

Thus, failure to timely serve domestic defendants within 120 days after the complaint is filed may result in dismissal of the case against them. *See id.* Good cause for an extension to effectuate service can only exist when some outside factor, such as reliance on faulty advice, rather than inadvertence or negligence, prevented service. *Lepone-Dempsey v. Carroll Cnty. Comm'rs*, 476 F.3d 1277, 1281 (11th Cir. 2007). Even in the absence of good cause, the court must consider whether any other circumstances, such as the running of the statute of limitations, warrant an extension of time to serve based on the facts of the case. *Id.* at 1282. Only after considering whether any such factors exist may the court exercise its discretion and either dismiss the case without prejudice or extend the time to serve process. *Id.* If the statute of limitations has run, the district court may extend the time to serve, but is not required to do so. *Id.*

Moreover, the court may dismiss a case *sua sponte* with or without prejudice for want of prosecution based on the court's inherent power to manage its dockets. *Eades v. Alabama Dep't of Human Res.*, 298 F. App'x 862, 864 (11th Cir. 2008) (citing *Betty K Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1337 (11th Cir.2005)). However, dismissal with prejudice is a sanction of last resort, applicable only when lesser sanctions are unavailable. *Id.* Further, there must be evidence of wilful delay to justify dismissal with prejudice. *Id.*

More than 120 days passed since the filing of the Complaint in this case. Further, more than four months passed since Plaintiff had been advised that summonses could not be issued. Plaintiff was already given a lengthy extension to effectuate service. While the Complaint mentions numerous statutes and treaties, it is not clear what bases Plaintiff relies upon in bringing his claims. Therefore, it is not possible to address the statute of limitations in a meaningful way. Further, running of the statute of limitations does not prohibit dismissal of this action.

Also, Plaintiff has been warned that this case may be dismissed, but failed to respond to the Court's Order to show cause anyway. Thus, Plaintiff has abandoned this action. Nevertheless, there is no evidence that Plaintiff engaged in wilful delay.

Accordingly, this Court **RECOMMENDS** that the District Court **DISMISS THIS CASE WITHOUT PREJUDICE**.

### NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Kenneth L. Ryskamp, United States Senior District Court Judge for the Southern District of Florida, within fourteen (14) days of being served with a copy of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1) (providing that "[w]ithin fourteen days after being

served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court."); s*ee also* Fed. R. Civ. P. 72(b) ("Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy"). Failure to timely file objections shall bar the parties from attacking on appeal the factual findings contained herein. *See LoConte v. Dugger*, 847 F.2d 745 (11th Cir. 1988), *cert. denied*, 488 U.S. 958 (1988); *RTC v. Hallmark Builders, Inc*, 996 F.2d 1144, 1149 (11th Cir. 1993).

**DONE and SUBMITTED** in chambers this 20 day of August, 2013, at West Palm Beach in the Southern District of Florida.

*[signature]*
JAMES M. HOPKINS
UNITED STATES MAGISTRATE JUDGE

Copies to:

The Hon. Kenneth L. Ryskamp, United States Senior District Court Judge for the Southern District of Florida

Edward D. Fagan
5708-01 Arbor Club Way
Boca Raton, FL 33433